JERMAINE WOODS *v.* COMMISSIONER
OF CORRECTION
(SC 20487)

Robinson, C. J., and McDonald, D'Auria, Mullins, Kahn and Ecker, Js.

Argued October 21—officially released December 15, 2021*

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Kwak*, *J.*, granted the respon-

_____

facts that were not presented at trial. See, e.g., *State* v. *Edwards*, 314 Conn. 465, 496, 102 A.3d 52 (2014); *State* v. *Turner*, 133 Conn. App. 812, 839, 37 A.3d 183, cert. denied, 304 Conn. 929, 42 A.3d 390 (2012).

* December 15, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

Woods *v.* Commissioner of Correction

dent's motion to dismiss and rendered judgment dismissing the petition; thereafter, the court denied the petitioner's petition for certification to appeal, and the petitioner appealed to the Appellate Court, *Lavine, Alvord* and *Keller, Js.*, which dismissed the appeal, and the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Vishal K. Garg*, for the appellant (petitioner).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Nancy L. Walker*, assistant state's attorney, *Maureen Platt*, state's attorney, and *Eva Lenczewski*, supervisory assistant state's attorney.

*Opinion*

PER CURIAM. The petitioner, Jermaine Woods, appeals, upon our grant of his petition for certification,[1] from the judgment of the Appellate Court dismissing his appeal from the judgment of the habeas court, which dismissed his third petition for a writ of habeas corpus. *Woods* v. *Commissioner of Correction*, 197 Conn. App. 597, 599–600, 232 A.3d 63 (2020). On appeal, the petitioner contends that the Appellate Court improperly construed his petition for a writ of habeas corpus, which he had filed as a self-represented party, in concluding that it did not raise a claim that counsel at the petitioner's second habeas trial, which was held in 2011, provided ineffective assistance by not challenging the failure of defense counsel at his 2006 murder trial to present evidence as to his diminished capacity.

---

[1] We granted the petitioner's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Did the Appellate Court correctly conclude that the petitioner's petition for a writ of habeas corpus, which was filed pro se, did not raise a claim of ineffective assistance of counsel with respect to the petitioner's second habeas trial?" *Woods* v. *Commissioner of Correction*, 335 Conn. 938, 248 A.3d 708 (2020).

Woods *v.* Commissioner of Correction

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.